## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**Henry Frazier,**

      **Plaintiffs,**

**v.**                                                                                                             Case No. 19-2020-JWL

**GPI KS-SH, Inc. et al.,**

      **Defendants.**

## **MEMORANDUM AND ORDER**

This matter is presently before the court on defendants' renewed motion to continue the trial setting of this case from September 21, 2020 to a date as soon after September 30, 2020 as is convenient for the court and the parties (doc. 90) and defendants' motion to bifurcate plaintiff's claim for punitive damages (doc. 87). Both motions are denied.

The court first addresses defendants' renewed motion to continue the trial setting of this case. In analyzing the motion, the court considers the following relevant factors:

> the diligence of the party requesting the continuance; the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance; the need asserted for the continuance and the harm that [the moving party] might suffer as a result of the district court's denial of the continuance. . . . No single factor is determinative and the weight given to any one may vary depending on the extent of the [moving party's] showing on the others.

*Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007) (quoting *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987)). The court also considers defendants' motion to continue against Federal Rule of Procedure 16, which governs pretrial conferences, scheduling,

and management. Rule 16 requires good cause to modify a scheduling order, with the judge's consent. Fed. R. Civ. P. 16(b)(4).  Whether to grant or deny a continuance is left to the discretion of the district court.  *Rogers*, 502 F.3d at 1151.

In their motion, defendants assert that a continuance is necessary because lead counsel for defendants is also lead counsel on another case pending in the Western District of Missouri and, on September 3, 2020, lead counsel "was informed that the trial date in that matter was being finally set to September 21, 2020."  According to defendants, the trial setting in the other case precludes him from appearing for trial in this case.[1]  Defendants assert that substitute counsel is not a viable option in light of lead counsel's experience and familiarity with this case and that the absence of lead counsel will prejudice defendants.

Defendants have significantly mischaracterized the procedural history of this case as well as the Western District of Missouri case.  Back in May 2019, the magistrate judge assigned to this case issued a scheduling order setting our case for trial

> on the court's docket beginning on September 8, 2020 at 9:30 a.m. Unless otherwise ordered, this is not a 'special' or 'No. 1' trial setting.  Therefore, during the month preceding the trial docket setting, counsel should stay in contact with the trial judge's courtroom deputy to determine the day of the docket on which trial of the case actually will begin.

At that point, counsel should have realized that a September 21, 2020 setting was possible.  On January 31, 2020, the court issued the pretrial order and reiterated that the "trial docket setting, as established in the scheduling order and any amendments, is September 8, 2020, at 9:30 a.m., in Kansas City, Kansas."  Again, the court's reference to the "docket setting" should have indicated

---

[1] This case was filed in January 2019 while the Western District of Missouri case was filed in August 2019.

to counsel that September 8, 2020 was not a firm setting. On February 21, 2020, Judge Laughrey in the Western District of Missouri issued an amended scheduling order in her case setting that case for trial on a two-week docket beginning September 14, 2020:

> "This case is set for trial on the jury docket commencing at 9:00 a.m. on September 14, 2020, in Courtroom 4A, United States District Court, 80 Lafayette Street, Jefferson City, Missouri. This is a two week docket and the case may be tried at any time between September 14, 2020 and September 25, 2020. The list of cases to be tried will be sent to the parties approximately six-eight weeks in advance of that docket."

There is nothing in the record indicating that defendants' counsel notified Judge Laughrey about the trial setting in this case. But certainly by February 21, 2020, defendants' counsel was on notice about the possibility that he was double-booked for September.[2]

On June 11, 2020, this court specially set the case for trial on September 21, 2020. This setting, of course, increased the likelihood that lead counsel was double-booked for September. But more than a month passed without counsel notifying the court about any potential conflict. Moreover, while defendants filed a motion to continue the trial setting on July 16, 2020, the written motion contained no information about the case pending before Judge Laughrey. The motion was based solely on a conflict held by in-house counsel for defendants. During a telephone conference to discuss the motion, defendants' counsel mentioned the potential conflict with the Western District of Missouri case. Counsel for defendants advised the court at that time that the Western District of Missouri case was set on a two-week trial docket requiring him to be ready

---

[2] In their reply brief, defendants insist that the Western District of Missouri case was potentially set for the September 21, 2020 date before the trial in this case. That is incorrect. In May 2019, this case was set on a September 8, 2020 docket—the case was not set for trial beginning September 8, 2020.

3

for trial anytime between September 14th and September 25th. The court denied the motion to continue and advised counsel to "figure out how to handle this problem you've got." There is no indication that counsel reached out to Judge Laughrey to seek relief from the trial setting in that case or took any other steps in July 2020 to resolve the potential conflict.

Just days after that phone conference, on July 22, 2020, Judge Laughrey issued an order setting a two-week trial docket for two cases to be tried in order beginning September 14, 2020. Lead counsel's case was listed second. At that point, then, lead counsel essentially had a September 21, 2020 trial setting in the other case and a direct conflict with the trial setting in this case. Nothing in the record reflects that counsel approached Judge Laughrey to inquire about the possibility of a continuance in that case. Counsel did not seek reconsideration of this court's order in light of the direct conflict.[3] On August 17, 2020, another experienced trial lawyer from lead counsel's firm entered his appearance in the Western District of Missouri case and that lawyer has actively participated in the case since that time, including filing the briefing on extensive motions in limine. On September 3, 2020, Judge Laughrey issued an order giving lead counsel's case a final setting of September 21, 2020.

As should be clear, then, defendants' representation that counsel was informed for the first time on September 3, 2020 that the Western District of Missouri case was proceeding to trial on

---

[3] Inexplicably, defendants' counsel asserts that, after Judge Laughrey's July 22, 2020 order, he had "no option but to remain hopeful that his case in the Western District of Missouri would actually proceed to trial on September 14, 2020." Other options clearly existed at that time, such as seeking a continuance in the other case, seeking reconsideration in this case, and bringing experienced counsel on board at that time. Moreover, in light of the fact that the vast majority of civil cases are resolved by settlement, counsel's strategy of simply hoping that the first case would go to trial on September 14, 2020 is not reasonable.

4

September 21, 2020 borders on duplicitous. Defendants' counsel has long known about this scheduling conflict and, for whatever reason, has not sought relief from Judge Laughrey and has never put anything in writing to this court about that conflict until now. The court bears these facts in mind as it turns to the specific factors pertinent to the decision on whether to continue the trial setting. The first factor is the diligence of the party requesting the continuance. The facts recited above demonstrate that defendants' counsel exercised very little diligence in requesting this continuance and allowed this conflict to exist for months without seeking appropriate relief. This factor, then, cuts against granting a continuance. The second factor, the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance, obviously cuts in favor of defendants. But the last two factors, like the first, cut against granting a continuance.

In his response to the motion, plaintiff highlights a myriad of hardships that would result from the court's continuance of the trial setting in this case. Beyond the fact that plaintiff's counsel has already made substantial preparations for trial and plaintiff is anxious to have his day in court, plaintiff has already arranged for leave from his work and his wife has done the same. Out-of-town co-counsel has entered an appearance and has cleared his schedule in anticipation of a September 21, 2020 trial in this case. Plaintiff has subpoenaed witnesses and witnesses have made arrangements to appear at trial the week of September 21, 2020. Finally, the court has already indicated to the parties that it cannot try this case in October and plaintiff's counsel has another trial setting on November 2, 2020. While some of these inconveniences could be mitigated through a fee award, *see Yu v. Idaho State Univ.*, 2020 WL 4736455, at *2 (D. Idaho Aug. 14, 2020) (granting motion to continue but awarding fees arising from the continuance to

5

opposing counsel under Rule 16(f)(2)), many of these inconveniences cannot be mitigated in that manner. This factor, then, strongly counsels against granting the motion.

Lastly, while defendants cursorily assert that defendants will suffer prejudice if their lead counsel cannot try this case, defendants do not address the fact that experienced trial counsel entered an appearance in the Western District of Missouri case in August and has been actively engaged in the case since that time. Nothing before the court indicates that both cases cannot be competently tried on September 21, 2020. In other words, the court believes that defendants, consistent with their own argument, in fact can be "represented by counsel of their choice" in this case on September 21, 2020. The motion is denied. *See Arguello v. LaFavers*, 448 F. Supp. 3d 655 (S.D. Tex. 2020) (no abuse of discretion for bankruptcy court to deny motion for continuance where motion was based primarily on counsel's unavailability due to a preferential trial setting in another court); *Lodestar Anstalt v. Route 66 Junkyard Brewery LLC*, 2019 WL 1505966, at *2 (D.N.M. Apr. 5, 2019) (denying motion to continue despite the fact that counsel had commitments in other courts and had greater familiarity with the case such that substitute counsel was undesirable).

The court turns, then, to defendants' motion to bifurcate plaintiff's claim for punitive damages and to order that the first phase of the trial shall not include the presentation of issues, evidence, argument or jury deliberations as to defendants' liability for, or the amount of, punitive damages. In the alternative, defendants request that the court order that, even if liability for punitive damages is determined during the first phase of the trial, any proceedings that determine the amount of punitive damages should be the subject of a second phase of the trial. In support of the motion, defendants contend that the jury's time and attention will be unnecessarily diverted

by evidence relating to punitive damages and that such evidence will prejudice defendants. The motion is denied.

Rule 42(b) of the Federal Rules of Civil Procedure provides that a district court, "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial . . . of any number of claims, cross-claims, counterclaims, third party claims, or issues." As the Tenth Circuit noted in *York v. Amer. Tel. & Tel. Co.*, 95 F.3d 948, 958 (10th Cir.1996), although the decision of whether to bifurcate a case rests within the broad discretion of the trial court, it "must be made with regard to judicial efficiency, judicial resources and the likelihood that a single proceeding will unduly prejudice either party or confuse the jury."

Defendants make no persuasive argument that a bifurcated proceeding will promote judicial efficiency or conserve judicial resources and no persuasive argument that a single proceeding will prejudice defendants or confuse the jury. In fact, in this particular case—one involving claims of intentional race discrimination—the issues concerning liability and punitive damages are inextricably intertwined such that bifurcation of issues is not feasible. *See Schrieber v. Fed. Express Corp.*, 2010 WL 1078458, at *1 (N.D. Okla. Mar. 18, 2010) (denying motion to bifurcate issues in age discrimination case because damages issues were "strongly tied" to liability issues); *EEOC v. HBE Corp.*, 135 F.3d 543, 551 (8th Cir.1998) (no abuse of discretion to deny bifurcation where evidence of racially discriminatory conduct was relevant on issues of liability, racial animus of managers, and punitive damages). All issues will be tried in a single proceeding.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendants' renewed motion to continue the trial setting of this case (doc. 90) is **denied** and defendants' motion to bifurcate plaintiff's claim for punitive damages (doc. 87) is **denied**.

**IT IS SO ORDERED.**

Dated this 11th day of September, 2020, at Kansas City, Kansas.

*s/ John W. Lungstrum*
John W. Lungstrum
United States District Judge